(No. 5186-▮▮▮▮▮▮▮▮▮▮

JAMES BARROW AND DENBY BARROW, a Minor, by and through his Father and Next Friend, JAMES BARROW, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1969.*

LIEBENSON AND RASZUS, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; GERALD S. GROBMAN AND SAUL R. WEXLER, Assistant Attorneys General, for Respondent.

PERLIN, C.J.

Claimants, James Barrow and Denby Barrow, a Minor, through his Father, James Barrow, seek recovery of $1,000 each for damages and personal injury when a truck owned by respondent, and operated by its employee, Arzell Hyde, collided with an automobile owned and operated by claimant, James Barrow at 8:15 a.m., on March 12, 1963. The evidence reveals that Mr. Barrow's car was stopped upon the northbound entrance ramp to the Dan Ryan Expressway near 6200 south in the City of Chicago, Illinois, and was waiting behind another car to enter traffic, when the truck, which was traveling about five miles an hour, bumped into the rear of the claimant's automobile. Respondent does not deny its liability for the collision, but disputes the amount of damages requested by claimants.

Claimant, James Barrow, testified that at the time of the accident he was a professional bondsman for the Atlas Bonding Company. After his automobile was bumped from the rear by respondent's truck, he did not feel the effects of the accident "until the next morning or late that night." On March 14, two days after the accident, claimant then went to his family physician, Dr. George Barnett, also taking his son, Denby, who was with him in the automobile at the time of the collision.

Mr. Barrow testified that at the time he complained of stiffness of the neck and headaches. The doctor examined

him, and gave him approximately thirteen or fourteen treatments. Medical reports submitted into evidence for Denby Barrow and James Barrow supported Mr. Barrow's testimony, and showed bills outstanding for Denby Barrow of $119.00 and for James Barrow of $145.00. Claimant testified that as of the date of the hearing the bills had not been paid.

Mr. Barrow stated that he did not suffer any permanent injuries from the occurrence, but that he lost a week's work as a result. He testified that he saw Dr. Barnett every day during that week, and that his son accompanied him for treatment and examination.

Claimant also testified that, based upon his average salary, he lost at least $200.00 in wages. He further testified that he was a licensed bondsman for the State of Illinois, and worked for the Atlas Bonding Company on commission. He stated that he made at least $14,000 during the year of 1963, and never made less than two hundred dollars per week, although sometimes he made four or five hundred dollars per week.

The repair bill for the automobile for $103.00 was submitted in evidence. Claimant testified that he paid the bill, and that all the damage was the result of the accident.

Denby Barrow, thirteen years old at the time of the hearing, testified that he felt no effects of the accident, but at the time his head hurt, as did his right leg, and that the doctor gave him about fifteen treatments of heat and massage.

Dr. Barnett's report of the "Objective Symptoms" of Denby Barrow, then aged 11, includes the following:

"This patient entered the examination room with a right sided limp. On examination of this patient's skull, there was tenderness in the left occipital region of the skull on palpitation. . . There was a slight swelling in the right popliteal area of the leg. There was tenderness in his right thigh."

The doctor's report of the "Objective Symptoms" of James Barrow includes the following:

"This patient entered the examination room holding his head and neck in a rather stiff position. His head and neck were turned slightly to the left. Examination of the neck muscles revealed spasms in the left posterior neck muscles. These muscles were very tender on palpitation. It felt as if there were fibrous nodules within the bodies of the left paravertebral neck muscles. This patient had limited range of motion on rotating his head and neck to the right. He had trouble and alleged pain when rotating his head and neck to the left. The muscles of his left shoulder were spastic. The left deltoid muscles were tender on palpitation. There was limitation of range of motion in the left shoulder. There was only 90 degrees of abduction of the left shoulder and 110 degrees of forward flexion of the left shoulder. . ."

Respondent argues to the request for medical expenses, because there was no corroborating testimony as to reasonableness. However, respondent did not raise the question of reasonableness during the trial, and the report of the claimants' doctor and the itemized medical bill for treatments, which were submitted by claimants in their "Answer to Interrogatories", would corroborate claimants' position.

Therefore, claimant James Barrow is awarded the sum of $800.00, and Denby Barrow, a Minor, through his father and next friend, James Barrow, is awarded the sum of $350.00.